**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALVIN WILSON, | : | |
| Petitioner, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:14-CV-1392 (VLB) |
| | : | |
| STATE OF CONNECTICUT, | : | January 7, 2016 |
| Respondent. | : | |

**MEMORANDUM OF DECISION DISMISSING SECTION 2254 PETITION**

Alvin Wilson, pro se and incarcerated for an offense unrelated to the current action, challenges his 1997 guilty-plea conviction for sexual assault in the first degree and for risk of injury to a child. The State discharged Wilson from prison on August 10, 2007 without requiring him to serve any further term of probation. Wilson, however, must register as a sex offender for the remainder of his life. The issue is whether Wilson remains "in custody" because Connecticut's sex-offender-registration requirement applies to him. The Court holds that he is not in custody and DISMISSES his Section 2254 petition for lack of subject-matter jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.      State Proceedings**

Wilson pleaded guilty to sexual assault in the first degree, in violation of Connecticut General Statutes § 53a-70, and risk of injury to a child, in violation of Connecticut General Statute § 53-21. ECF No. 12-2 (App'x A). In May 1997, Wilson was sentenced to twelve years' imprisonment, suspended after one year, to be followed by ten years' probation. *Id.* Due to two violations of probation,

Wilson floated in and out of prison until August 10, 2007 when he was released from prison with no remaining term of probation to serve.  ECF No. 12-2 (App'x B).  He returned to prison in May 2013 after being convicted of unrelated offenses--that is, violating a standing criminal protective order, assault, and assault on a police officer.  ECF No. 12-2 (App'x P).  Wilson remains incarcerated pursuant to his 2013 criminal conviction.  *Id.*

## II.   Proceedings in this Court

In a Section 2254 petition dated September 17, 2014, Wilson challenges his 1997 guilty-plea conviction for sexual assault in the first degree and risk of injury to a child.  ECF No. 1.  The petition raises six claims: (1) his guilty plea was not knowing, voluntary, and intelligent; (2) the conviction was obtained by use of a coerced confession; (3) evidence was obtained pursuant to an unlawful arrest; (4) the State failed to disclose exculpatory evidence ("*Brady* claim"); (5) violation of double jeopardy; and (6) ineffective assistance of counsel.  *Id.*  In a subsequent motion for "re-sentencing downward" and motion for summary judgment, Wilson reiterates and expands on his prior claims and claims actual innocence based on his previously asserted *Brady* claim.  ECF Nos. 12, 14.  Neither motion is cognizable in a Section 2254 proceeding, so the Court construes them as motions to supplement his Section 2254 petition and treats all three filings as a single Section 2254 petition.  Respondent argues, in relevant part, that the Court lacks subject-matter jurisdiction because Wilson no longer is in custody on the 1997 petition.  ECF No. 7.

## DISCUSSION

Federal district courts have "jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).  Courts examine whether custody existed at the time of filing.  *Spencer v. Kemna*, 523 U.S. 1, 7, (1998).  The in-custody requirement does not require literal confinement.  *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom.").  Assessing whether a petitioner remains in custody requires distinguishing "between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"  *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).  The Supreme Court considers at least two factors important when differentiating between the two: whether (1) the condition impedes a petitioner's ability to "come and go as he pleases," *see Hensley v. Mun. Court*, 411 U.S. 345, 351–52 (1973); and (2) the limitation flows directly from the original conviction, *see Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (holding that petitioner may not challenge prior conviction used to enhance current sentence).

The only continuing consequence of Wilson's 1997 conviction relevant to the in-custody determination is that he must register as a sex offender for the

remainder of his life.  Connecticut requires a person convicted of "subdivision (2) of subsection (a) of section 53a-70," as Wilson has been convicted, to maintain registration for the remainder of his life.  Conn. Gen.Stat § 54-251(a).  An offender must register his "name, identifying factors, criminal history record, residence address and electronic mail address, instant message address or other similar Internet communication identifier, if any, with the Commissioner of Public Safety."  *Id.*  The offender must keep the Commissioner abreast of any changes to this information.  *Id.*  If such person attends school or works in another state they must register in accordance of the laws of that state.  *Id.*  The registration requirement does not impose any limit on where a person may live, work, attend school, or travel; does not require periodic physical reporting; and limits any written reporting to any voluntary changes to the offender's relevant information.  *See* Conn. Gen.Stat. § 54-250 *et seq.*  The registration statute falls within the Criminal Procedure (Title 54) rather than the Penal Code (Title 53) division of the Connecticut General Statutes.

Connecticut's sex-offender-registration requirement functions as a collateral consequence rather than a restraint on liberty.  The primary reason: Connecticut's registration does not significantly interfere with Wilson's ability to "come and go as he pleases."  *See Hensley*, 411 U.S. at 351.  The requirement does not expressly prohibit him from living, working, attending school, or traveling where he wants.  It does not require periodic physical reporting or accountability to any governmental agency independent of Wilson's voluntary

4

changes.  Addressing Washington's similar registration requirement, the Ninth Circuit has ruled that a petitioner cannot establish that he remains in custody because registration does not impede physical liberty, even when those "provisions create some kind of subjective chill on [the] desire to travel." *Williamson*, 151 F.3d at 1184.  Five other circuits have followed suit, *see Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014) (collecting cases), and the Third Circuit has recently cited with approval the rationale from one these cases, *see United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) (citing *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014)).

Connecticut's registration requirement acts a collateral consequence for another reason less prominently featured in the case law: the registration consequences flow indirectly from the judgment.  The duty to register as a sex offender is a mandatory condition imposed by Connecticut's Criminal Procedure Statutes, not the reasoned judgment pronounced by the sentencing court.  *See generally* Conn. Gen.Stat. § 54-250 *et seq.*  The sentencing court has no discretion to relieve a person (other than minors and incompetents who no longer pose a harm to public safety) of the duty to register.  Conn. Gen.Stat § 54-251(c).  In this way, the generally applicable duty to register is similar to the inability to hold a profession, the inability to possess a firearm, or the application of recidivist statutes.  *See Harvey*, 526 F.2d at 841.  These are not determinations made at sentencing by the sentencing court, and considering these generally applicable consequences as custodial rather than collateral "would render

Congress' [in-custody requirement] meaningless." *Id.* Further, although a sentencing court typically makes registration a condition of probation, the condition is similar to the requirement that a defendant may not commit further criminal acts—a condition surviving probation and punished in addition to any probation violation. A violation of the duty to register may eventually trigger a second judgment resulting in physical restraint, but any such restraint would flow indirectly from the original judgment. *See Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) (holding that petitioner could not challenge sexual abuse conviction even when later civilly committed for being sexually violent convict with mental disorder).

In sum, Connecticut's sex-offender-registration requirement does not constitute a custodial sentence because it does not restrain a petitioner's physical liberty and does not flow directly from the judgment pronounced by the sentencing court. As Wilson is no longer "in custody" pursuant to his 1997 guilty-plea conviction, this Court lacks subject-matter jurisdiction to entertain his Section 2254 petition. Moreover, for the reasons stated above, the Court does not believe that jurists of reason would disagree with its procedural ruling and does not believe that an appeal would be taken in good faith, despite the lack of binding Supreme Court and Second Circuit precedent on this precise issue.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Wilson's Section 2254 petition for lack of subject-matter jurisdiction. The Court DENIES a certificate of

appealability because jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473 (2000). The Court CERTIFIES under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith.


IT IS SO ORDERED.

                              _____/s/_____
                              Vanessa L. Bryant
                              United States District Judge


Dated at Hartford, Connecticut: January 7, 2016